# Exhibit F

ELECTRONICALLY FILED
5/1/2009 1:17 PM
CV-2009-900532.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| CAROL A. BLEVINS, ) | |
| JERRY M. BLEVINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.:   CV-2009-_____ |
| ) | |
| ELMORE COUNTY ) | |
| BOARD OF EDUCATION ) | |
| & ALABAMA STATE ) | |
| BOARD OF EDUCATION. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**COME NOW THE PLAINTIFFS**, Jerry M. Blevins, Pro Se, and Carol A. Blevins, by and through her undersigned counsel, and would show this Honorable Court as follows:

1. Plaintiff Carol Blevins is over the age of nineteen (19) years and is a permanent resident of Elmore County, State of Alabama.

2. Plaintiff Jerry M. Blevins is over the age of nineteen (19) years and is a permanent resident of Elmore County, State of Alabama (hereinafter both Carol A. Blevins and Jerry M. Blevins will be referred to jointly as "Blevins").

3. Defendant Elmore County Board of Education (hereinafter referred to as "ECBOE"), located in Elmore County, State of Alabama, is the legal entity which operates, oversees and administers the Elmore County School System.

4. Defendant Alabama State Board of Education (hereinafter referred to as "ASBE"), which is located in Montgomery County, State of Alabama, is the state agency which exercises general control and supervision over the Elmore County Board of Education and the Elmore County

1

School System.

## Factual Allegations

5. Blevins incorporates by reference the content of ¶¶1-4 above, as if set forth fully herein.

6. The Blevins have two minor children, ages 8 & 7, hereinafter referred to as "M.B." and "A.B.", respectively, who attend Wetumpka Elementary School in Elmore County, Alabama.

7. The State of Alabama, the nation, and the entire world is presently under siege by a pandemic known as the Swine Flu.[1]

8. No known cure presently exists for the Swine Flu, which is a potentially fatal virus, having caused hundreds of deaths around the world.

9. The Swine Flu can be passed from animal to human, and from human to human, with the specific means of transfer being presently unknown.

10. Precautions are presently being taken worldwide to prevent the spread of the virus, to include canceling public gatherings in both open and enclosed settings.

11. The State of Alabama has at least eleven (11) probable cases of Swine Flu. These include at least ten (10) persons in Madison County, at least three (3) of which are elementary school students; and a twenty (20) year old adult in Montgomery County, Alabama.

12. Based on published reports, exposure to the Swine Flu is of greatest concern in mass gatherings in enclosed settings, such as a school.

13. Because Swine Flu is continuing to spread exponentially around the world on a daily basis, including within the borders of Alabama, Blevins believes it to be their parental obligation and duty to take affirmative action to protect their minor children from possible exposure to the

---

[1] A pandemic is defined as an "epidemic over a large region". Webster's New World Dictionary, 432, Second College Edition (1984).

2

virus.

14.  Accordingly, on April 30, 2009, Blevins requested that Defendants allow their two minor children to complete their school work from home for the remainder of the school year which ends on May 21, 2009.

15.  Blevins' children have not attended Wetumpka Elementary School since April 29, 2009.

16.  Defendant ECBOE's Superintendent, Dr. Jeff Langham (hereinafter referred to as "Langham"), summarily declined Blevins' request and further stated that if the children are absent from school for more than the allowed number of days for excused/unexcused absences the children will have to repeat the grades they are currently in. Finally, Langham insinuated that Blevins may be subject to criminal prosecution if the children do not attend school for the remainder of the year.[2] Defendant ASBE has failed/refused to overrule Langham's decision.

17.  M.B. has a total of twelve (12) excused/unexcused absences, and A.B. has a total of thirteen (13) excused/unexcused absences, as of the date of the filing of this action.

18.  According to the Elmore County Public Schools Student Attendance Policy, Blevins' children are only allowed a total of twenty (20) excused/unexcused absences per year. If this number is exceeded, the policy at the ECBOE states that the children "may be considered for **retention**."

19.   From May 4, 2009 through May 21, 2009, a total of fourteen (14) days remain in the school year.

20.  Missing the remainder of days left in the school year, will cause M.B. to have a total of twenty-six (26) absences, and A.B. to have a total of twenty-seven (27) absences.

---

[2] Pursuant to Alabama's Compulsory Attendance Law, codified at §16-28-1, et seq., *Code of Alabama* (1975), it is a criminal offense for a parent not to send children to school.

3

21. A justiciable controversy exists between the parties as to the parties' rights, duties, and liabilities by virtue of Defendants' apparent belief that Blevins' inherent parental right to take affirmative action to protect their children from potential exposure to an untreatable, and potentially fatal virus, outweighs Defendants' rights to demand that Blevins "gamble" with the lives of their children in continuing to send them to school for the remainder of the school year, the setting where exposure to Swine Flu is most likely, on the naïve assumption that the worldwide pandemic presently spreading within the State of Alabama will for some unknown reason choose to bypass Wetumpka Elementary School.

22. Blevins desires a judicial determination as to whether they have the lawful right to choose not to send her children to Wetumpka Elementary School for the remainder of the school year and, instead, have their children complete their school work at home, in light of the risk of exposure to the Swine Flu as set forth herein.

23. Blevins desires a judicial determination as to whether they can be prosecuted if they elect not to send their children to Wetumpka Elementary School for the remainder of the school year, in light of the risk of exposure to the Swine Flu as set forth herein.

24. Blevins desires a judicial determination as to whether Defendants can count the school days to be missed by Blevins' children from May 4, 2009 through May 21, 2009, towards the number of allowable days for excused/unexcused absences, in deciding whether the number of days has been exceeded thereby justifying the "retention" of Blevins' children, in light of the risk of exposure to the Swine Flu as set forth herein.

25. Blevins further requests that the Court enter a permanent injunction enjoining Defendants from taking any action against Blevins and/or their children as a result of days to be missed from school from May 4, 2009 through May 21, 2009, in light of the risk of exposure to the Swine Flu

as set forth herein.

**WHEREFORE** Blevins requests:

A. A judicial determination as to whether Blevins has the lawful right to choose not to send their children to Wetumpka Elementary School for the remainder of the school year and, instead, have their children complete their school work at home, in light of the risk of exposure to the Swine Flu;

B. A judicial determination as to whether Blevins can be prosecuted if they elect not to send their children to Wetumpka Elementary School for the remainder of the school year, in light of the risk of exposure to the Swine Flu;

C. A judicial determination as to whether Defendants can count the school days to be missed by Blevins' children from May 4, 2009 through May 21, 2009, towards the number of allowable days for excused/unexcused absences, in deciding whether the number of days has been exceeded thereby justifying the retention of Blevins' children, in light of the risk of exposure to the Swine Flu;

D. Costs of this suit;

E. A reasonable attorney's fee; and

F. Such other and further relief as the court may deem proper.

/s Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Pros Se Plaintiff and Counsel for Plaintiff
Carol A. Blevins

5

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com