# Exhibit G

DOCUMENT 2
Case 2:21-cv-00808-ACA   Document 5-7   Filed 06/23/21   Page 2 of 7

ELECTRONICALLY FILED
8/26/2020 11:21 AM
35-CV-2020-900043.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| JERRY M. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.:   CV-2020-_____ |
| | ) |
| HENRY L. PENICK, | ) |
| PENICK LAW FIRM, P.C., & | ) |
| LUKE EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Jerry M. Blevins, and would show this Honorable Court as follows:

1. Plaintiff Jerry M. Blevins is a permanent resident of, and a duly licensed attorney in, the State of Alabama, residing in Elmore County.

2. Defendant Henry L. Penick ("Penick"), is over the age of nineteen (19) years and a permanent resident of, and a duly licensed attorney in, the State of Alabama.

3. Defendant Penick Law Firm, P.C., is a duly formed professional corporation formed and exiting under the laws of the State of Alabama, with its sole and principal place of business located in the State of Alabama. At all times mentioned herein, Defendant Penick was an employee, agent and representative of Defendant Penick Law Firm, P.C.

4. Defendant Luke Edwards ("Edwards") is over the age of nineteen (19) years and is a permanent resident of Greene County, Alabama.

### Factual Allegations

5. Plaintiff expressly adopts as if set forth fully herein the allegations of ¶¶ 1-4 above.

6. On or about February 27, 2014, Plaintiff was retained by Defendant Edwards, Apostolic Advancement Association, Inc. ("AAA"), Alabama Mississippi Farms, Inc. ("AMF"), and Heritage Real Estate Investment Corporation, Inc. ("HREIC"), to pursue a legal malpractice case against their former counsel related to the civil action styled: *Bruce L. Johnson, et al. v. Luke*

1

*Edwards, et al.*, Civil Action Number CV-2010-32, in which a default judgment was rendered against Defendant Edwards, AAA, AMF and HREIC in the amount of ▮▮▮▮▮▮▮▮ plus interest and court costs.

7. On or about February 28, 2014, Plaintiff filed a lawsuit in the Sumter County, Alabama Circuit Court on behalf of Defendant Edwards, AAA, AMF & HREIC, styled *Luke Edwards, et al. v. William C. Brewer*, Civil Action Number CV-2014-900026 ("the Underlying Action").

8. In or around November 2014, HREIC filed for bankruptcy in the State of Mississippi, and in or around March 31, 2016, AMF filed for bankruptcy in the State of Mississippi (the two separate bankruptcy cases will be referred to jointly as "the Bankruptcy Case"). Mr. Stephen Smith ("Mr. Smith") was appointed as Trustee in the Bankruptcy Case and was subsequently substituted as the real party in interest for AMF and HREIC in the Underlying Action.

9. On or about October 26, 2016, Defendant Edwards & AAA terminated Plaintiff's services in the Underlying Action and retained Defendant Penick to assume their representation.

10. On or about May 1, 2020, Mr. Smith and the defendant in the Underling Action reached a pro tanto settlement ("the Settlement Agreement"), which was contingent on the approval of the Court ("the Bankruptcy Court") overseeing the Bankruptcy Case.[1]

11. On or about May 13, 2020, Mr. Smith filed a motion ("the Motion") with the Bankruptcy Court seeking approval of the Settlement Agreement, along with an Application ("the Application") seeking approval of Plaintiff's attorney fees and costs as counsel for Mr. Smith in the Underlying Action.

12. On or about June 1, 2020, Defendant Penick filed an objection, as amended ("the Objection"), objecting to the Motion and Application, on five (5) grounds: a) "[t]he proposed settlement provides no rationale for acceptance of the settlement amount."; b) "[t]he Trustee has failed to disclose to the court the settlement agreement and its terms."; c) "[t]he Trustee has failed to disclosed (sic) how the Trustee, after reaching a pro tanto settlement of its claim against

---

[1] The settlement called for payment in the total sum of ▮▮▮▮▮▮▮▮

2

William C. Brewer, III, will be entitled to further distribution for is (sic) claim."; d) "[t]he Trustee has failed to provide a copy of its agreement with Attorney Blevins and Blevins agreement with the Debtor."; & e) "[t]he Trustee has failed to itemize the expenses for which Attorney Blevins seeks 'expense'."

13. On or about August 14, 2020, the Bankruptcy Court conducted a hearing ("the hearing") on the Motion and Application, which was attended by: a) Defendant Penick, as counsel for, among others, Defendant Edwards; b) the Hon. Neil Olack – the judge; c) Attorney Jim Spencer, counsel for Mr. Smith in the State of Mississippi; d) Attorney Mike Hall, co-counsel for the defendant in the Underlying Action; e) Mr. Smith; f) Attorney Jerald Crawford, Defendant Penick's co-counsel; g) the court reporter; & h) Plaintiff.

14. During the hearing, Defendant Penick accused Plaintiff of engaging in unethical conduct in representing Mr. Smith and Defendant Edwards and AAA in the Underlying Action despite having a conflict of interest, and further accused Plaintiff of committing legal malpractice in his representation of Defendant Edwards and AAA in the Underlying Action ("the defamatory accusations made in the Bankruptcy Case").[2]

15. Prior to the hearing, in or around February 2020, Defendant Penick also accused Plaintiff to Attorney Mike Hall on multiple occasions of committing legal malpractice in his representation of Defendant Edwards and AAA in the Underlying Action ("the defamatory accusations made to Attorney Hall").

16. The defamatory accusations made in the Bankruptcy Case were not only false, they were not raised in the Objection, and they had no relevance to the issues before the Bankruptcy Court on the Motion or Application.

17. On or about August 14, 2020, Plaintiff sent Defendant Penick a written communication demanding a retraction of the defamatory accusations made in the Bankruptcy Case. Instead of

---

[2] At the time Defendant Penick made these accusations, the insurance carrier for the defendant in the Underlying Action had also offered Defendant Edwards and AAA the sum of ███████ to settle their claims.

3

retracting the defamatory accusations, Defendant Penick threatened to seek sanctions against Plaintiff if he filed this action.

18. On or about August 15, 2020, Plaintiff sent Defendant Penick a written communication demanding a retraction of the defamatory accusations made to Attorney Hall.

19. Defendant Penick failed/refused to retract the defamatory accusations made in the Bankruptcy Case and the defamatory accusations made to Attorney Hall within the time and manner provided by §§ 6-5-184 to 6-5-186, *Code of Alabama* (1975).

## Count I – Defamation Per Se

20. Plaintiff incorporates by reference the content of ¶¶ 1-19 above, as if set forth fully herein.

21. The defamatory accusations made in the Bankruptcy Case and the defamatory accusations made to Attorney Hall were maliciously made, unlawful, unprivileged, and false, and injured Plaintiff.

22. The defamatory accusations made in the Bankruptcy Case and the defamatory accusations made to Attorney Hall are of such a nature as carries a legal presumption of injury to Plaintiff in his office, profession, trade or business.

23. As a direct and proximate result of the false, wrongful, and malicious statements by Defendant Penick, Plaintiff has been disgraced, his good name and character tarnished, and Plaintiff has suffered humiliation and shame.

24. Defendants Edwards and Penick Law Firm, P.C., are liable for the actions of Defendant Penick under the doctrine of respondeat superior.

## Count II – Invasion of Privacy

25. Plaintiff incorporates by reference the content of ¶¶ 1-24 above, as if set forth fully herein.

4

26.  The defamatory accusations made in the Bankruptcy Case and the defamatory accusations made to Attorney Hall placed Plaintiff in a false, but not necessarily defamatory, position in the eyes of those participating in the hearing.

27.  Said invasion of privacy was intentional and designed to harass, humiliate, embarrass and cause Plaintiff to incur mental suffering.

28.  As a direct and proximate result of Defendant Penick's actions, Plaintiff has been injured.

29.  Defendants Edwards and Penick Law Firm, P.C., are liable for the actions of Defendant Penick under the doctrine of respondeat superior.

## Count III – Wantonness

30.  Plaintiff incorporates by reference the content of ¶¶ 1-29 above, as if set forth fully herein.

31.  Defendant Penick consciously and knowingly engaged in the misconduct complained of herein, and was conscious that from the doing of such act or omission of such duty injury will likely or probably result to Plaintiff.

32.  As a direct and proximate result of Defendant Penick's actions, Plaintiff has suffered injury/damage.

33.  Defendants Edwards and Penick Law Firm, P.C., are liable for the actions of Defendant Penick under the doctrine of respondeat superior.

## Count IV – Negligence

34.  Plaintiff incorporates by reference the content of ¶¶ 1-33 above, as if set forth fully herein.

35.  Defendant Penick had a duty not to make false accusations against Plaintiff.

36.  Defendant Penick breached this duty by making the defamatory accusations in the Bankruptcy Case and by making the defamatory accusations to Attorney Hall.

5

37. As a direct and proximate result of Defendant Penick's actions, Plaintiff has been injured/damaged.

38. Defendants Edwards and Penick Law Firm, P.C., are liable for the actions of Defendant Penick under the doctrine of respondeat superior.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount in excess of ▇▇▇▇▇ and for costs, attorney's fees and such other relief as may be just and proper.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
Email: ATTYJMBlev@LawOfficeOfJerryMBlevins.com

6