# Exhibit H

ELECTRONICALLY FILED
11/27/2019 10:37 AM
47-CV-2019-902166.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| JERRY M. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: CV-2019-_____ |
| | ) |
| ERIC CISNEY, | ) **Jury Trial Demanded** |
| KERRI CISNEY & | ) |
| MELVIN HASTING, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**COMES NOW PLAINTIFF** Jerry M. Blevins and files his Complaint in this cause and would show as follows:

**Parties**

1. Plaintiff Jerry M. Blevins is over the age of nineteen (19) years and a permanent resident of Elmore County, State of Alabama. At all times mention herein, Plaintiff was a duly licensed attorney in the State of Alabama, engaged in the private practice of law.

2. Defendant Eric Cisney is over the age of nineteen (19) years and a permanent resident of Madison County, State of Alabama.

3. Defendant Kerri Cisney is over the age of nineteen (19) years and a permanent resident of Madison County, State of Alabama. At all times mentioned herein, Defendants Eric & Kerri Cisney were husband and wife.

4. Defendant Melvin Hasting is over the age of nineteen (19) years and a permanent resident of, and a

1

licensed attorney in, the State of Alabama. At all times mentioned herein, Defendant Hasting was acting as counsel for Defendants Eric & Kerri Cisney and was thereby acting as their agent. Plaintiff brings this action against Defendant Hasting in both his individual and representative capacities as counsel for Defendants Eric & Kerri Cisney.

**Factual Allegations**

5.   Plaintiff incorporates by reference the content of ¶¶ 1-4 above as if set forth fully herein.

6.   On or about August 2, 2017, Plaintiff assumed the representation of Defendants Eric & Kerri Cisney concerning an underinsured motorist claim ("the UIM claim") asserted by them against their insurance carrier, Metropolitan Property and Casualty Insurance Company ("Met").

7.   Prior to Plaintiff assuming Defendants Eric & Kerri Cisney's representation on the UIM claim, Defendants Eric & Kerri Cisney had been represented by Attorney Robert Johnson ("Johnson"), a California attorney.

8.   On or about September 1, 2017, Johnson asserted an attorney's lien on any recovery by Defendants Eric & Kerri Cisney on the UIM claim in the sum of █████████.

9.   On or about September 25, 2017, the UIM claim was settled in exchange for payment in the sum of █████████ ("the settlement proceeds"). A formal Release ("the Release") was also signed by Defendants Eric & Kerri memorializing the terms of the settlement agreement.

2

10. Notwithstanding ¶ 4 of the Release, which mandated that Defendants Eric & Kerri Cisney satisfy Johnson's lien from the settlement proceeds, Defendants Eric & Kerri Cisney instructed Plaintiff not to satisfy the lien.

11. On October 2, 2017, Defendants Eric & Kerri Cisney executed a written contractual agreement ("the contractual agreement") wherein, inter alia, they expressly authorized Plaintiff to pay himself sums owed on his contingent fee from the recovery on the UIM claim and further represented that "the lien issue would be between (them) and Attorney Johnson" and that they "… will make no claim that the fees paid to (Plaintiff) are excessive, or otherwise inappropriate on any basis,…" The agreement expressly stated that absent the foregoing authorization that Plaintiff would "continue to hold his contingent fee in trust until his entitlement to the fee is judicially determined."

12. On or about October 3, 2017, pursuant to the terms of the contractual agreement, Plaintiff paid himself the attorney fee owed him related to the resolution of the UIM claim and retained the sum claimed by Johnson on his lien in his attorney trust as is mandated by the *Alabama Rules of Professional Conduct*, with the express authorization of Defendants Eric & Kerri Cisney pending resolution of the lien issue between Defendants Eric & Kerri Cisney and Johnson.

13. On or about January 4, 2019, Johnson filed suit

3

against, among others, Plaintiff in the State of California in the action styled: *Robert Grey Johnson, Jr. v. Jerry M. Blevins, et al.*, case number MCC1900006, and therein asserted claims against Plaintiff for breach of written contract, intentional interference with prospective economic advantage, elder abuse, conversion & unjust enrichment, stemming from Defendants Eric & Kerri Cisney's failure/refusal to satisfy his lien. The action remains pending at the filing of this Complaint.

14. On or about February 5, 2019, Defendants filed a civil action against Plaintiff in the United States District Court for the Northern District of Alabama, styled: *Eric Cisney & Kerri Cisney vs. Jerry M. Blevins, et al.,* case number 2:18-cv-1148-MHH (hereinafter referred to as "the Federal Court Action"), and therein asserted claims against Plaintiff for conversion, fraudulent inducement, outrage, wantonness & breach of contract, stemming from Plaintiff retaining the sum claimed by Johnson on his lien in his attorney trust account and in paying himself the contingency fee expressly authorized by Defendants Eric & Kerri Cisney in the contractual agreement.

15. On or about February 12, 2019, while the Federal Court Action was still pending, Defendants filed a second civil action against Plaintiff in the Circuit Court of Montgomery County, Alabama, styled: *Eric Cisney & Kerri Cisney vs. Jerry M. Blevins, Esq.*, case number CV-2019-900257 (hereinafter referred to as the "State Court

4

Action"), and therein asserted claims against Plaintiff for conversion, fraudulent inducement, outrage, wantonness, breach of contract & legal malpractice, stemming from Plaintiff retaining the sum claimed by Johnson on his lien in his attorney trust account and in paying himself the contingency fee expressly authorized by Defendants Eric & Kerri Cisney in the contractual agreement.

16. On or about June 7, 2019, the claims asserted against Plaintiff in the Federal Court Action were dismissed.

17. On or about August 20, 2019, the claims asserted against Plaintiff in the State Court Action were dismissed.

18. As a result of the filing of the baseless State and Federal Court Actions, Plaintiff incurred financial loss in having to retain counsel to defend the actions and suffered mental anguish and other damages.

### Count I – Breach of Contract
(Defendants Eric & Kerri Cisney)

19. Plaintiff incorporates by reference the content of ¶¶ 1-18 above, as if set forth fully herein.

20. In filing and pursuing the baseless Federal and State Court Actions, Defendants Eric & Kerri Cisney breached the terms of the contractual agreement.

21. Plaintiff has fully performed his obligations under the terms of the contractual agreement.

22. As a direct and proximate result of Defendant Eric & Kerri Cisney's breach of the contractual agreement,

5

Plaintiff has suffered injury/damages.

## Count II – Breach of Contract
(Defendants Eric & Kerri Cisney)

23. Plaintiff incorporates by reference the content of ¶¶ 1-22 above, as if set forth fully herein.

24. The Release between Defendants Eric & Kerri Cisney and Met obligated Defendants Eric & Kerri Cisney to satisfy Johnson's lien.

25. Defendants Eric & Kerri Cisney breached the terms of the Release in refusing to authorize Plaintiff to satisfy Johnson's lien.

26. As a direct and proximate result of Defendants Eric & Kerri Cisney's breach of the terms of the Release, Plaintiff has been sued by Johnson in the State of California and has incurred attorney fees in defending against the action.

27. As a direct and proximate result of Defendants Eric & Kerri Cisney's breach of the contractual agreement, Plaintiff has suffered injury/damages.

## Count III – Negligence
(Defendants Eric & Kerri Cisney)

28. Plaintiff incorporates by reference the content of ¶¶ 1-27 above, as if set forth fully herein.

29. Defendants Eric & Kerri Cisney had a duty to use reasonable care in ensuring their compliance with the terms of the Release.

6

30. Defendants Eric & Kerri Cisney breached their duty in not satisfying Johnson's lien.

31. As a direct and proximate cause of Defendants Eric & Kerri Cisney's actions, Plaintiff has suffered injury/damage to include but not limited to financial losses.

### Count IV – Fraud
(Defendants Eric & Kerri Cisney)

32. Plaintiff incorporates by reference the content of ¶¶ 1-31 above, as if set forth fully herein.

33. Defendants Eric & Kerri Cisney represented to Met in the Release that they would satisfy Johnson's lien.

34. At the time of this representation, Defendants Eric & Kerri Cisney had no intention of satisfying Johnson's lien.

35. Plaintiff is a third party to the contractual agreement between Defendants Eric & Kerri Cisney and Met who has been injured as a result of the fraud committed by Defendants Eric & Kerri Cisney.

36. As a direct and proximate result of the foregoing, Plaintiff has suffered injury/damage, to include but not limited to financial losses and severe mental anguish.

### Count V – Fraud
(Defendants Eric & Kerri Cisney)

37. Plaintiff incorporates by reference the content of ¶¶ 1-36 above, as if set forth fully herein.

7

38. In the contractual agreement, Defendants Eric & Kerri Cisney expressly authorized Plaintiff to pay himself sums owed on his contingent fee from the recovery on the UIM claim and further represented that "the lien issue would be between (them) and Attorney Johnson" and that they "… will make no claim that the fees paid to (Plaintiff) are excessive, or otherwise inappropriate on any basis, …"

39. At the time of these representations, Defendants Eric & Kerri Cisney had no intention of honoring these representations and the representations were false.

40. In-fact, in direct contravention of the representations, Defendants Eric & Kerri Cisney filed the baseless State and Federal Court Actions against Plaintiff.

41. But for the fraudulent representations, Plaintiff would have filed a declaratory judgment action for a judicial determination as to how the settlement proceeds should be disbursed.

42. As a direct and proximate result of the fraudulent representations, Plaintiff have suffered injury/damage, to include but not limited to financial losses and severe mental anguish.

### Count VI – Malicious Prosecution
(Defendants Eric & Kerri Cisney & Hasting)

43. Plaintiff incorporates by reference the content of ¶¶ 1-42 above, as if set forth fully herein.

44. Defendants instituted both the Federal and State

8

Court Actions against Plaintiff.

45. In instituting both the Federal and State Court Actions, Defendants acted without probable cause and with malice.

46. Both the Federal and State Court Actions ended in favor of Plaintiff.

47. Defendants Eric Cisney & Kerri Cisney are responsible/liable for the actions of Defendant Hasting under the doctrine of respondeat superior.

48. As a direct and proximate result of the institution of both the Federal and State Court Actions, Plaintiff has been injured/damaged.

### Count VII – Conspiracy
(Defendants Eric & Kerri Cisney & Hasting)

49. Plaintiff incorporates by reference the content of ¶¶ 1-48 above, as if set forth fully herein.

50. Plaintiff avers that Defendants Eric & Kerri Cisney combined with one another to accomplish an unlawful end (by civil law standards) or to accomplish a lawful end by unlawful means, in committing the wrongs complained of herein at Counts I thru VI.

51. Plaintiff avers that Defendants Eric & Kerri Cisney and Hasting combined with one another to accomplish an unlawful end (by civil law standards) or to accomplish a lawful end by unlawful means, in committing the wrongs complained of herein at Count VI.

52. Defendants Eric & Kerry Cisney are

9

responsible/liable for the actions of Defendant Hasting under the doctrine of respondeat superior.

53. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injury/damage to include but not limited to financial losses and severe mental anguish.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff demands a monetary judgment against Defendants, jointly and severally, for compensatory and punitive damages in excess of the sum of ███████ in order to make him whole and to punish the Defendants for their wrongful acts and to deter them and others from similar wrongful conduct in the future, and for costs, attorney's fees and such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED** on this the 27th day of November 2019.

**Jury Trial Demanded**

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Plaintiff

10

```
OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@LawOfficeOfJerryMBlevins.com
```

11