FILED
2021 Jun-23 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit I

ELECTRONICALLY FILED
9/6/2019 11:18 AM
29-CV-2019-900366.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| JERRY M. BLEVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: CV-2019-_____ |
| ) | |
| JULIA STAGG MUNRO, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jerry M. Blevins, and files his Complaint in this cause and would show this Honorable Court as follows:

### Parties

1. Plaintiff Jerry M. Blevins is over the age of nineteen (19) years and a permanent resident of Elmore County, State of Alabama. At all times mentioned herein, Plaintiff was a duly licensed attorney in the State of Alabama.

2. Defendant Julia Stagg Munro is over the age of nineteen (19) years and on information and belief is a permanent resident of the State of Louisiana. Defendant has had sufficient minimum contacts within the State of Alabama, as outlined herein, to be subject to the jurisdiction of this Court.

### Introductory Statement

3. This is not the first time Defendant has been a named defendant in a civil action filed by Plaintiff before this Court for engaging in intentional, malicious,

1

vindictive and evil misconduct.

    4.   On April 9, 2012, Plaintiff was forced to sue Defendant in the Circuit Court of Elmore County for fraud and conspiracy to commit fraud, with respect to her conspiring with her late husband in order to try and cheat Plaintiff out of legal fees owed him by her late husband. A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit A, the content of which is incorporated by reference as if set forth fully herein.[1]

    5.   On May 15, 2013, as amended on July 11, 2013, Plaintiff was forced to sue Defendant for, inter alia, conspiring with others to make knowingly false and malicious accusations against Plaintiff in both Alabama and Mississippi in her ongoing efforts to try and cheat Plaintiff out of attorney fees owed by her late husband.[2] A

---

[1] The action was originally filed on April 1, 2011 and named Defendant's late husband as the sole defendant. Once Defendant's participation in the fraud was discovered, she was then added to the action as a defendant. A judgment was entered against Defendant for fraud and conspiracy to commit fraud in the amount of ▮▮▮▮▮▮▮▮ while a judgment was entered against Defendant's late husband for anticipatory breach of contract, fraud, fraudulent conveyance and conspiracy to commit fraud in the amount of ▮▮▮▮▮▮▮▮ The judgment/claims were later mediated and resolved in Defendant's bankruptcy case in the State of Mississippi, which they filed in an effort to avoid paying Plaintiff sums owed.

[2] Defendant and her late husband were dismissed from this action as a result of a bankruptcy filing in the State of Mississippi. Notably, the original Chapter 13 bankruptcy filing was converted to Chapter 7 as a result of misconduct

2

true and correct copy of the Complaint and Amended Complaint is attached hereto as Exhibit B & C, respectively, the content of which are incorporated by reference as if set forth fully herein.

6. The actions complained of herein are only the latest acts of intentional and malicious misconduct engaged in by Defendant directed at Plaintiff in the State of Alabama.

### Factual Allegations

7. Plaintiff expressly adopts as if set forth fully herein the allegations of ¶¶ 1-6 above.

8. On or about May 20, 2018, Elliott Don Stagg ("Mr. Stagg") passed away in the State of Mississippi.

9. Mr. Stagg is Defendant's father and the father of Plaintiff's spouse.

10. On or about May 21, 2018, Mr. Stagg's Last Will & Testament was filed for probate in Harrison County, Mississippi.

11. On or about May 21, 2018, the Chancery Court of Harrison County, Mississippi, Second Judicial Circuit, entered an Order admitting Mr. Stagg's Last Will & Testament to probate and appointed Plaintiff's spouse as Executrix.

12. On or about June 15, 2018, Defendant filed her Objection to admitting Mr. Stagg's Last Will & Testament to

---

engaged in by Defendant and her late husband in the bankruptcy case.

3

probate, and therein made the following sworn accusations against Plaintiff:

    A)    "In the weeks prior to the death of Elliot Don Stagg, … Jerry M. Blevins, a Montgomery, Alabama attorney, had custody and control of the home where Elliot Don Stagg kept his personal papers … Jerry M. Blevins destroyed the original 2016 Will in order to assert the 2018 Will that Julia Stagg Munro believes was signed by Elliot Don Stagg under duress and without testamentary capacity."

    B)    "… Jerry M. Blevins … tried to force Mr. Stagg to pay Jerry M. Blevins money that Jerry M. Blevins claimed Mr. Stagg had to pay to Jerry M. Blevins' (sic) for his legal representation of Julia Stagg Munro and her husband Donald Munro." &

    C)    "Jerry M. Blevins voluntarily dismissed the frivolous … lawsuit on September 13, 2013."

13. On August 21, 2019, Defendant testified at deposition in the probate case and in-part swore under oath as follows:

    A)    that Plaintiff threatened to have her late father declared incompetent and put in a nursing home so Plaintiff could take over everything;

    B)    that Plaintiff removed items from the mailbox at Mr. Stagg's home; &

4

      C)    that Plaintiff almost got disbarred for what Plaintiff did to Defendant and her late husband.

(hereinafter the accusations set forth herein at ¶¶ 12-13, shall be collectively referred to as "the false accusations").

14. At least five (5) days before the commencement of this action, Plaintiff made a written demand upon Defendant for a public retraction of the false accusations set forth herein.

15. Defendant has failed/refused to retract the false accusations within the time and manner provided by §§ 6-5-184 to 6-5-186, *Code of Alabama* (1975).

16. On information and belief, Defendant has previously permanently resided in the State of Alabama; filed tax returns in Alabama; held bank accounts in the State of Alabama; conducted business in Alabama; and frequently travels to Alabama for both social and business purposes.

### Count I – Defamation Per Se

17. Plaintiff expressly adopts as if fully set forth herein the allegations of ¶¶ 1-16 above.

18. The accusations made by Defendant as set forth

5

DOCUMENT 2
Case 2:21-cv-00808-ACA   Document 5-9   Filed 06/23/21   Page 7 of 8

herein at ¶¶ 12 & 13, are false and untrue.

19. The false, malicious, unlawful, and unprivileged accusations made by Defendant accuse Plaintiff of misconduct in his profession and are of such a nature as carries a legal presumption of injury to Plaintiff in his office, profession, trade or business.

20. As a direct and proximate result of the false, wrongful, and malicious accusations by Defendant, Plaintiff has been disgraced, his good name and character tarnished, and he has suffered humiliation and shame.

### Count II – Invasion of Privacy

21. Plaintiff expressly adopts as if fully set forth herein the allegations of ¶¶ 1-20 above.

22. The false accusations made by Defendant placed Plaintiff in a false, but not necessarily defamatory, position in the public eye.

23. Said invasion of privacy was intentional and designed to harass, humiliate, embarrass and cause Plaintiff to incur mental suffering.

24. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff demands

6

judgment against Defendant Julia Stagg Munro for compensatory and punitive damages in an amount in excess of ▇▇▇▇▇▇▇ and for costs, attorney's fees and such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED** this the 6th day of September 2019.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@LawOfficeOfJerryMBlevins.com

7