FILED
2021 Jun-23 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit J

ELECTRONICALLY FILED
3/26/2018 9:59 AM
01-CV-2018-901231.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JERRY M. BLEVINS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: CV-2018-_____ |
| ) | |
| TAMMY HERRON, ) | |
| RICHARD F. HORSLEY & ) | |
| RICHARD F. HORSLEY, LLC, ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jerry M. Blevins, and would show this Honorable Court as follows:

### Parties

1. Plaintiff Jerry M. Blevins (hereinafter referred to as "Blevins") is over the age of nineteen (19) years and a permanent resident of the State of Alabama. At all times mentioned herein, Blevins was a duly licensed attorney engaged in the private practice of law in the State of Alabama.

2. Defendant Tammy Herron (hereinafter referred to as "Herron") is over the age of nineteen (19) years and a permanent resident of the State of Alabama.

3. Defendant Richard F. Horsley (hereinafter referred to as "Horsley") is over the age of nineteen (19) years and on information and belief a permanent resident of Jefferson County, State of Alabama. At all times mentioned herein, Defendant Horsley was a duly licensed attorney engaged in the private practice of law in the State of Alabama.

4. Defendant Richard F. Horsley, LLC (hereinafter referred to as "RFH") is a domestic limited liability company-a law firm, formed and existing pursuant to the laws of the State of Alabama. At all times mentioned herein, Defendant Horsley was a member/employee/agent of Defendant RFH and was acting within the line and scope of his duties in committing the wrongs described herein.

1

**Factual Allegations**

5. Blevins expressly adopts as if set forth herein the allegations of ¶¶ 1-4 above.

6. In or around April 2016, Defendant Herron retained Defendant Horsley to represent her in bringing a civil action against an entity that had wrongfully harmed/damaged her ("the wrongdoer").

7. On or about June 29, 2016, Defendant Horsley filed a lawsuit on behalf of Defendant Herron against the wrongdoer in an Alabama Circuit Court ("the Civil Action").

8. The Civil Action was subsequently settled in or around June 2017 ("the Settlement").

9. As part of the Settlement, the wrongdoer agreed to pay Defendant Herron a sum certain ("the Settlement Proceeds").

10. After deducting attorney fees and other applicable charges, Defendant Herron was owed approximately ███████ from the Settlement Proceeds.

11. The Settlement Proceeds were paid to Defendant Horsley by the wrongdoer in or around July 2017.

12. Defendant Horsley failed to pay any portion of the Settlement Proceeds to Defendant Herron; instead, he misappropriated the entirety of the Settlement Proceeds for his own personal benefit.

13. On or about August 4, 2017, Defendant Herron retained Blevins for legal representation related to the misappropriated funds via written contract. A true and correct copy of the contractual agreement is attached hereto as Exhibit A, the content of which is incorporated by reference as if set forth fully herein.

14. On or about August 17, 2017, Defendant Herron and Defendants Horsley and RFH entered into a written settlement agreement resolving the dispute ("the Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit B, the content of which is incorporated by reference as if set forth fully herein.

15. Pursuant to the express terms of the Settlement Agreement, should Defendants Horsley and RFH breach the agreement, Defendant Herron would be entitled to a consent judgment in the

2

sum of ███████ ("the Consent Judgment").

16. Pursuant to the express terms of his employment contract, Blevins' representation of Defendant Herron concluded upon execution of the Settlement Agreement.

17. Defendants Horsley and RFH subsequently breached the Settlement Agreement in not making payments mandated by the Settlement Agreement and Defendant Herron requested that Blevins take appropriate action to address the breach.

18. Blevins declined to do so based on questionable, improper and offensive comments made by Defendant Herron about Blevins and his services and notified Defendant Herron of this decision on or about December 1, 2017.

19. On December 4, 2017, in apparent anger over Blevins' decision, Defendant Herron posted a review of Blevins' services on Avvo, a website on which Blevins advertises his services, which read in-part as follows:

> "He … made an impulsive decision to terminate his services with me that will affect the outcome of my case. His action will also produce a significant financial loss for me. He abandoned me as his client after having received payment for his services! … The above-described actions reflect and is equivalent to client abandonment!"

(hereinafter referred to as "the false accusations").

20. On January 5, 2018, Blevins sent Defendant Herron a letter demanding a retraction of the false accusations. A true and correct copy of said letter is attached hereto as Exhibit C, the content of which is incorporated by reference as if set forth fully herein.

21. Defendant Herron refused to retract the false accusations.

## Count I – Judgment & Attorney Lien

22. Blevins expressly adopts as if set forth herein the allegations of ¶¶ 1-21 above.

23. As a result of Defendants Horsley and RFH's breach of the Settlement Agreement, Defendant Herron is entitled to entry of the Consent Judgment in the sum of ███████.

3

24. Pursuant to his employment contract, Blevins is entitled to an attorney fee on the ▮▮▮▮▮▮▮▮ Consent Judgment, in the sum of ▮▮▮▮▮▮▮▮

25. Pursuant to § 34-3-61, *Code of Alabama* (1975), Blevins is also entitled to an attorney's lien in the sum of ▮▮▮▮▮▮▮▮, and a judgment against Defendants in this amount.

### Count II – Defamation Per Se

26. Blevins incorporates by reference the content of ¶¶ 1-25 above, as if set forth fully herein.

27. The false accusations made by Defendant Herron were transmitted to the general public and were malicious, unlawful & unprivileged, and injured Blevins.

28. The false accusations are of such a nature as carries a legal presumption of injury to Blevins in his office, profession, trade or business.

29. As a direct and proximate result of the false accusations, Blevins has been disgraced, his good name and character tarnished, and he has suffered humiliation and shame.

### Count III – Invasion of Privacy

30. Blevins incorporates by reference the content of ¶¶ 1-29 above, as if set forth fully herein.

31. The false accusations made by Defendant Herron placed Blevins in a false, but not necessarily defamatory, position in the eyes of the general public.

32. Said invasion of privacy was intentional and designed to harass, humiliate, embarrass and cause Blevins to incur mental suffering.

33. As a direct and proximate result of Defendant Herron's actions, Blevins has been injured.

### Count IV – Wantonness

34. Blevins incorporates by reference the content of ¶¶ 1-33 above, as if set forth fully

4

Case 2:21-cv-00808-ACA   Document 5-10   Filed 06/23/21   Page 6 of 7

herein.

35.  Defendant Herron consciously and knowingly made the false accusations complained of herein, and in so doing was conscious that from the doing of such act that injury would likely or probably result to Blevins.

36.  As a direct and proximate result of Defendant Herron's actions, Blevins has suffered injury/damage.

## Count V – Injunctive Relief

37.  Blevins incorporates by reference the content of ¶¶ 1-36 above, as if set forth fully herein.

38.  Blevins requests injunctive relief, directing Defendant Herron to retract the false accusations complained of herein.

**WHEREFORE, THE PREMISES CONSIDERED**, Blevins hereby demands:

A) Entry of the Consent Judgment in favor of Defendant Tammy Herron and against Defendants Horsley & RFH;

B) Establishment of an attorney's lien in favor of Blevins in the amount of ███████;

C) A judgment against Defendants in the sum of ███████ representing monies owed Blevins on the Consent Judgment;

D) Injunctive relief directing Defendant Herron to retract the false accusations; &

E) Such other relief as may be just and proper.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Plaintiff

5

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@LawOfficeOfJerryMBlevins.com

6